IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NELSON RIVAS ALVAREZ**

    Petitioner,

v.

    Civil Action No. 1:12cv56
    (Judge Keeley)

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Procedural History

On April 2, 2012, the *pro se* petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid his filing fee.

### II. Facts

#### A. Conviction and Sentence

After a jury trial in the United States District Court for the Eastern District of Wisconsin in 1992, petitioner was convicted of drug and weapon charges. On appeal, the Seventh Circuit Court of Appeals affirmed the judgment of the District Court on February 7, 1994. See Criminal Docket For Case #2:91cr217-RTR. (Dkt.# 1-2 at 8). The United States Supreme Court denied *certiorari* on June 17, 1994. (Id.). On July 23, 2001, petitioner filed a 28 U.S.C. §2241 petition that was construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255, and was dismissed as time-barred on November 8, 2001.[1] (Id. at 9 – 10).

### III. Analysis

---

[1] Petitioner appealed the District Court's decision and the 7th Circuit Court of Appeals reversed and remanded with instructions to address the retroactivity of Apprendi v. New Jersey, 530 U.S. 466 (2000). On remand, petitioner's § 2255 petition was again dismissed as time-barred. (Dkt.# 1-2 at 10 – 11).

1

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435 F.Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's motion is unintelligible. It appears that he is contending he is wrongfully imprisoned after "full and complete satisfaction of judgment" which should have terminated the criminal proceedings under which he was convicted. He appears to be alleging that the Assistant U.S. Attorney ("AUSA"), the District Court, the Clerk of Court and the Bureau of Prisons ("BOP") failed to acknowledge satisfaction of the judgment by notifying "all involved parties and the aggrieved party." He contends that the Court's jurisdiction over his case "was exhausted upon payment of fine," and he attaches a Uniform Commercial Code ("UCC") Financing Statement containing a rambling, unintelligible statement regarding the "entry of the collateral records holder: Nelson Rivas Alvarez and the DEBTOR: NELSON RIVAS ALVAREZ," asserting that "ALL COLLATERAL is within the state of Kentucky[.]" (Dkt.# 1-2 at 1-2). Petitioner also attaches a copy of the May 3, 1994 Eastern District of Wisconsin's "Satisfaction of Judgment," showing that a $200.00 judgment was paid in full. (Id. at 6).

As relief, he avers that

> I, Nelson Rivas Alvaraez, a living breathing man, am being held prisoner Illegally and restrained of my liberty in Violation of the Constitution and the Law of the Unite States . . . I Nelson Rivas Alvarez, is [sic] requesting this Honorable Court issued [sic] an Order commanding one Terry O'Brien to produce the physical body of Nelson Rivas Alvarez, the real party in interest, before this Honorable Court, and that he, the one Terry O'Brien show at the same time the cause of the

prisoner's detention to that end that he, the Prisoner, may be "Disincarcerate."
[sic].

(Dkt.# 1 at 8).

In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that Petition (Doc. 1) be **DENIED AS UNINTELLIGIBLE, FAILING TO STATE ANY CLAIM ON WHICH RELIEF CAN BE GRANTED,** and dismissed from the docket.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by April 30, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 16, 2012

James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE