```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NELSON RIVAS ALVAREZ,**

    **Plaintiff,**

**v.**                        **//**          **CIVIL ACTION NO. 1:12CV56**
                                                              **(Judge Keeley)**

**TERRY O'BRIEN,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On April 12, 2012, the <u>pro se</u> plaintiff, Nelson Rivas Alvarez ("Alvarez"), filed a Petition for Writ of Habeas Corpus. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2. On April 16, 2012, Judge Seibert issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Alvarez's petition be denied as unintelligible and for failing to state a claim for which relief can be granted. (Dkt. No. 6).

The R&R also specifically warned Alvarez that his failure to file written objections to the recommendation, which identified specific portions of the R&R to which he objected and stated the basis for such objections, would result in the waiver of any appellate rights he might otherwise have on this issue. Alvarez filed objections on April 30, 2012, in which he urged the Court to find the R&R "unreasonable, unconstitutional, and unlawful." (Dkt. No. 8 at 2). These objections, which consist primarily of lengthy

**ALVAREZ v. O'BRIEN**                                                                                                               **1:12CV56**

### ORDER ADOPTING REPORT AND RECOMMENDATION

explanations of various legal principles, largely reiterate the same general arguments the magistrate judge rejected.

The Court is obligated to conduct a de novo review of portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, it need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

The plaintiff's objections refer to the R&R only once, on the first page. To the extent that this reference can be construed as an objection, it is merely a "general and conclusory" objection to the entire report. Orpiano, 687 F.2d at 47. The remainder of the plaintiff's brief contains a general restatement of, and elaboration upon, the claims made in his petition, i.e., that his imprisonment is wrongful because a "full and complete satisfaction

2

**ALVAREZ v. O'BRIEN**                                                     **1:12CV56**

### ORDER ADOPTING REPORT AND RECOMMENDATION

of judgment" should have terminated the criminal proceedings under which he was convicted. By and large, Alvarez's objections incorporate and repeat arguments he has already presented, and fail to specifically object to the magistrate judge's R&R. See Phillips v. Astrue, No. 6:10-53, 2011 WL 5086851, at *2 (W.D. Va. Oct. 25, 2011 ("General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." (citing Veney v. Astrue, 539 F.Supp.2d 841, 845 (W.D. Va. 2008)).

   Nevertheless, given the plaintiff's pro se status and limited grasp of the English language, the Court has conducted a de novo review of the matters addressed by the magistrate judge. The opinion of Magistrate Judge Seibert is a well-reasoned decision that is grounded in the record of this case. Accordingly, for the reasons more fully stated in the R&R, the Court:

   1.   **ADOPTS** the R&R in its entirety (dkt. no. 6);

   3.   **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's docket.

   If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

**ALVAREZ v. O'BRIEN**                                                **1:12CV56**

### ORDER ADOPTING REPORT AND RECOMMENDATION

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: July 22, 2013.

                                                               /s/ Irene M. Keeley
                                                               IRENE M. KEELEY
                                                               UNITED STATES DISTRICT JUDGE